**■** NETWORKS USA, LLC, Appellant, v HSBC BANK USA, N.A., Respondent. (And a Third-Party Action.) [942 NYS2d 356]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 16, 2011, which granted defendant's motion for partial summary judgment dismissing the sixth cause of action (breach of contract), unanimously affirmed, with costs.

Defendant established its entitlement to judgment as a matter of law by submitting evidence demonstrating that, contrary to the Uniform Customs and Practice for Documentary Credits which provides that "[t]he Transferring Bank shall be under no obligation to effect [a] transfer except to the extent and in the manner expressly consented to by such bank" (Uniform Customs and Practice for Documentary Credits [1993 rev] Publication No. 500, art 48 [c], issued by the International Chamber of Commerce [now UCP Publication No. 600, art 38 (a)]), defendant did not expressly consent to transfer the letter of credit at issue. Although there is evidence that defendant approved of the transferee's bank, it is insufficient since it is undisputed that defendant has a "know your client" responsibility with respect to *both* the transferee (which was as yet unknown) and its bank. Thus, consenting to the transferee's bank without knowledge of the transferee does not establish defendant's express consent.

In addition, to the extent plaintiff sought lost profits from its second, proposed deal with City Centre, the breach of contract claim was properly dismissed on summary judgment, as those profits were not within the contemplation of the parties at the time the agreement was made (*see e.g. Awards.com v Kinko's, Inc.*, 42 AD3d 178, 183-184 [2007], *affd* 14 NY3d 791 [2010]). Concur—Tom, J.P., Friedman, Acosta and Freedman, JJ.